# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>Cameron Anthony Odom<br><br>*Defendant(s)* | )<br>)<br>) Case No. 4:21-mj-70396-MAG<br>)<br>)<br>)<br>) |

FILED
Mar 2 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  August 26, 2020  in the county of  Alameda  in the
Northern  District of  California , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Felon in Possession of Firearm and/or Ammunition<br><br>Maximum Penalties: 10 years' imprisonment, maximum $250,000 fine, maximum 3 years' supervised release, $100 special assessment, forfeiture |

This criminal complaint is based on these facts:
See attached affidavit of ATF Agent Christopher Bailey

☑ Continued on the attached sheet.

Approved as to form  *Alexis James*
AUSA  Alexis James

/s/ SvK w/ permission
*Complainant's signature*

Christopher Bailey, ATF
*Printed name and title*

Sworn to before me by telephone.

Date: March 2nd, 2021

*Susan van Keulen*
*Judge's signature*

City and state:  Oakland, California

Hon. Susan van Keulen
*Printed name and title*

# AFFIDAVIT OF ATF SPECIAL AGENT
# CHRISTOPHER BAILEY IN SUPPORT OF CRIMINAL COMPLAINT

I, Christopher Bailey, a Special Agent with the United States Bureau of Alcohol, Tobacco, Firearms and Explosives, currently assigned to the ATF Oakland Field Office in Oakland, California, being duly sworn, hereby state:

## INTRODUCTION

1. I submit this affidavit in support of an application under Rule 4 of the Federal Rules of Criminal Procedure for a criminal complaint and arrest warrant authorizing the arrest of Cameron Anthony Odom ("**ODOM**") for being a Prohibited Person in Possession of a Firearm and Ammunition, in violation of Title 18, United States Code, Section 922(g)(1), on or about August 26, 2020 in the Northern District of California.

## SOURCES OF INFORMATION

2. This affidavit is submitted for the limited purpose of securing a criminal complaint and arrest warrant. I have not included every fact known to me concerning this investigation. Instead, I have set forth only the facts sufficient to establish probable cause that a violation of the federal law identified above have occurred.

3. I have based my statements in this affidavit on my training and experience, personal knowledge of the facts and circumstances obtained through my participation in this investigation, information provided by other agents and law enforcement officers, information provided by reports prepared by other agents and law enforcement officers, and information provided by records and databases. I believe these sources to be reliable. Where I refer to conversations and events, unless otherwise noted, I refer to them in substance and in relevant part rather than in their entirety or verbatim. This affidavit reflects my current understanding of the facts relating to this investigation, but my understanding may change in the future as the investigation proceeds.

4. My experience and training as a Special Agent with the United

States Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and my participation in the investigation form the basis of the opinions and conclusions set forth below.

## AFFIANT BACKGROUND AND EXPERIENCE

5. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and have been since February 2009. I am presently assigned to the ATF Oakland Field Office in Oakland, California. I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7). I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center and Special Agent Basic Training at the ATF National Academy. The training that I received at the academy included formalized instruction in, among other things, drug, firearms, and violent crime-related investigations, drug identification and detection, interdiction, familiarization with United States drug and firearms laws, financial investigations and money laundering, identification and seizure of drug and firearms tracking related assets, physical and electronic surveillance, weapon qualification and tactics, operation and use of confidential sources, and undercover operations. Prior to working as an ATF Special Agent, I worked as an industry operations investigator for the ATF and investigated federal firearm and explosive licensees, including manufacturers, importers, and dealers of firearms, for compliance with the Gun Control Act and Code of Federal Regulations.

6. As an ATF Special Agent, I have conducted and participated in both state and Federal investigations involving the illegal possession, use, and trafficking of firearms and distribution of controlled substances. I have investigated and assisted in the prosecution of criminal street gangs engaged in violent crime, illegal narcotics and firearms trafficking. During these investigations, I have participated in and/or served as the primary case agent in cases involving various types of investigative techniques, including the use of electronic surveillance, undercover agents and informants, and the controlled purchases of firearms and narcotics from suspects. I have personally conducted controlled purchases of firearms and narcotics in an undercover capacity. I have also participated in physical surveillance operations, the authoring

of Title III wiretaps and the authoring and execution of state and federal arrest warrants and search warrants, resulting in state and federal prosecution of defendants. In addition to utilizing the aforementioned investigative techniques, I have been required during these investigations to analyze information resulting from traditional record searches, pen registers and trap and trace devices, financial records, utility records, telephone toll and subscriber records, GPS location data as well as information gathered from social media. My work with informants and cooperators has involved, among other things, monitoring meetings and recorded conversations, and generally evaluating the reliability and truthfulness of an informant/cooperator.

7. As a result of my training and experience, I have become familiar with the manner in which illegal firearm and drug traffickers smuggle, transport, store, conceal and distribute firearms and drugs, as well as how they collect and launder proceeds related to such activities. I am also familiar with the manner in which these individuals use telephones, coded communications, false or fictitious identities, social media, and other means to facilitate illegal activities and thwart law enforcement investigations. I have also consulted and discussed these investigations with other law enforcement officers and agents who are experienced in these types of investigations.

## APPLICABLE LAW

8. Title 18 U.S.C. § 922(g)(1) prohibits any person who has been convicted of a crime punishable by a prison term of more than 1 year, from possessing a firearm or ammunition in or affecting interstate or foreign commerce. The elements of a section 922(g)(1) offense are:

   a. The defendant knowingly possessed a firearm and/or ammunition;

   b. The defendant had been convicted of a crime punishable by a prison term of more than 1 year at the time of the possession of the firearm and/or ammunition;

   c. The defendant knew he had been convicted of a crime punishable by a prison term of more than 1 year at the time of the possession of the firearm and/or ammunition; and,

   d. The firearm and/or ammunition had been shipped or transported from one

state to another.

*Rehaif v. United States*, 139 S.Ct. 2191 (2019).

## FACTS ESTABLISHING PROBABLE CAUSE

### A. ODOM's Possession of a Firearm and ammunition on August 26, 2020

9. On August 26, 2020, at approximately 2:32am, CHP officers were parked, in their patrol vehicle, on the right shoulder of I-580 eastbound, when a 2013 BMW X1 drove past the patrol vehicle at a high rate of speed. CHP officers estimated the vehicle was traveling approximately 95 MPH. After turning on the forward facing radar, CHP officers verified that the vehicle travelled 92 MPH, which is a violation of California Vehicle Code Section, 22349(a). CHP officers followed the vehicle eastbound on I-580 and initiated a traffic stop near 164th Avenue in San Leandro, California in the Northern District of California.

10. After the vehicle came to a stop at Liberty Avenue and 163rd Avenue, CHP officers approached the vehicle and requested the driver's license, vehicle registration, and vehicle insurance. The driver stated that he did not have a valid driver's license, and instead provided CHP officers with a California identification card. The identification card identified the driver as Cameron Anthony ODOM (DOB: 09/24/1993, FBI # 289660LD2). ODOM did not provide any paperwork for the vehicle; however, ODOM informed officers that the vehicle belonged to ODOM's sister, who lived in the proximity of the traffic stop's location.

11. CHP officers conducted a DMV records check and confirmed that ODOM had an invalid driver's license.

12. CHP officers conducted a search using Alameda County Consolidated Records Information Management System and observed that ODOM had a prior firearm-related felony conviction, as well as an affiliation to a criminal street gang.

13. CHP officers requested ODOM exit the vehicle, to which ODOM complied. Upon conducting a pat down search of ODOM, officers recovered a loaded Glock 32 .357 SIG semi-automatic handgun from ODOM's waistband. There was one round of ammunition in the chamber and no magazine inserted into the firearm. In addition, CHP officers recovered a 22

round high capacity magazine, loaded with 18 rounds of ammunition, inside ODOM's pants pocket.

14. In May of 2020, a shooting occurred involving multiple firearms in Oakland, California. Law enforcement responded to the scene and collected over 150 fired cartridge cases from that incident. Those fired cases were then entered into the National Integrated Ballistic Information Network ("NIBIN"). NIBIN analysis revealed that those previously collected fired cases from the shooting were likely fired from the firearm recovered from Odom on August 26, 2020[1]. There were no injuries from the shooting reported and no arrests have been effectuated in that matter as of yet.

### B. ODOM's Felony Status and Knowledge of Sentence Exceeding One Year Imprisonment

15. I have reviewed a criminal history report for ODOM, which indicates that he has been convicted of multiple felonies and that he has received a sentence greater than one year in prison. His previous felony convictions include the following:

    a. On or about December 5, 2016, ODOM was convicted of Accessory to a Felony after the Fact, a felony violation of California Penal Code § 32. ODOM was sentenced to three years in prison.

    b. On or about August 23, 2012, ODOM was convicted of Carrying a Concealed Firearm, a felony violation of California Penal Code § 25400(a)(2). ODOM was sentenced to 270 days in jail and five years on probation. The court later revoked the defendant's probation status and resentenced ODOM to three years in prison.

16. As a convicted felon, ODOM is prohibited from possessing both firearms and ammunition.

17. Considering ODOM was sentenced to three years in prison for one of his felony

---

[1] The ballistic testing and analysis is a high probability lead. A microscopic comparison must be completed for full confirmation.

convictions, ODOM knew that he had been convicted of a crime punishable by a term of imprisonment exceeding one year.

### C. Interstate Nexus

18. An ATF interstate nexus expert confirmed that the Glock 32 .357 SIG semi-automatic handgun, that was recovered from ODOM's person was not manufactured in the state of California. As a result, the Glock 32 firearm must have traveled in interstate and/or foreign commerce prior to being possessed by ODOM within the Northern District of California.

## REQUEST TO SEAL AFFIDAVIT, CRIMINAL COMPLAINT, AND ARREST WARRANT

19. ODOM is not currently in custody as a result of the above-described incident, federally or locally. As this investigation is ongoing, it is my belief that prematurely revealing the specific details, facts, and reasons for the proposed charges and arrest, as detailed in this affidavit, may cause flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, and otherwise seriously jeopardize the investigation (e.g., prompting changes in behavior).

20. Accordingly, I request that the Court issue an order that the criminal complaint, this affidavit in support of the application for criminal complaint and arrest warrant, and any attachments thereto, along with the order itself, be filed under seal until further order of the Court.

## CONCLUSION

21. On the basis of my participation in this investigation and the information summarized above, I believe there is probable cause that on or about August 26, 2020, in the Northern District of California, **CAMERON ANTHONY ODOM**, violated one count of Title 18, United States Code, Section 922(g)(1) Prohibited Person in Possession of a Firearm and/or Ammunition.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

/s/
Christopher Bailey
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to me and signed telephonically on this __2nd__ day of March, 2021.

_____
HONORABLE SUSAN VAN KEULEN
UNITED STATES MAGISTRATE JUDGE