| | |
|---|---|
| 1 | STEPHANIE M. HINDS (CABN 154284)<br>Acting United States Attorney |
| 2 | |
| 3 | HALLIE HOFFMAN (CABN 210020)<br>Chief, Criminal Division |
| 4 | ALEXIS JAMES (NYBN 5603865)<br>Assistant United States Attorney |

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
FAX: (510) 637-3724
Alexis.James@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>CAMERON ODOM<br><br>  Defendant. | CASE NO. 3:21-MJ-70396 MAG<br><br>UNITED STATES' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRETRIAL DETENTION<br><br>Date:   April 5, 2021 (Status on Detention)<br>Time:   1:00 p.m.<br>Court:  Honorable Robert M. Illman |

**NOTICE OF MOTION**

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that at the time and place specified above, or as soon thereafter as the matter may be heard, the United States will move and does hereby move this Court for entry of an order detaining defendant Cameron Odom pending trial.

U.S. MOT. FOR PRETRIAL DETENTION
3:21-MJ-70396 MAG

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government seeks detention on this matter, as the defendant is a danger to the community. The defendant was arrested by local law enforcement on August 26, 2020 for possessing a loaded firearm. The National Integrated Ballistic Information Network (NIBIN) revealed that the firearm recovered from the defendant in August was linked to a May 2020 shooting. On March 31, 2021, federal agents arrested the defendant pursuant to federal charges and agents recovered an additional loaded firearm from the defendant's vehicle.

The defendant has two criminal convictions and was on post-release community supervision at the time of his August arrest. On August 23, 2012, the defendant was convicted for Carrying a Concealed Firearm, pursuant to California Penal Code § 25400 (A)(2). On December 5, 2016, the defendant was convicted for Accessory to a Felony after the Fact, pursuant to California Penal Code § 32. The facts underlying the defendant's 2016 conviction relate to firearm possession and street gang activity. Considering the defendant's criminal records and continued access to firearms, the defendant is a danger to the community and thus should be detained pending trial.

**BACKGROUND**

**I.   OFFENSE CONDUCT**

On August 26, 2020, Castro Valley California Highway Patrol (hereinafter "CHP") officers were parked on the shoulder of highway I-580 in a marked patrol vehicle in Alameda County. At approximately 2:32 am, officers observed a blue BMW SUV speeding past. Upon observing the vehicle, officers activated the vehicle's forward-facing radar device to ascertain the speed of the BMW. Officers observed a digital reading of 92 mph.

Officers stopped the vehicle pursuant to Vehicle Code §22349(a), Speeding over 65 MPH. Officers approached the passenger side of the vehicle, asked the driver about his speed, and requested the driver's license and registration. There were no other passengers in the vehicle. The driver, the defendant, provided his California identification card and stated in sum and substance, that he was rushing home and did not have a license because it is suspended. The defendant reiterated that he was coming from a girl's house and just running late. Officers conducted a DMV records check, which revealed that the defendant's license status was withheld for failure to appear. Officers conducted a

search using the Alameda Criminal Records Information Management System, which revealed that the defendant had gang affiliations.

Officers requested that the defendant exit the vehicle. Officers patted the defendant down and immediately felt what the officers believed to be a firearm in the defendant's waistband. Officers recovered a loaded Glock 32 .357 SIG semi-automatic handgun from the defendant's waistband. There was no magazine inserted into the firearm; however, the chamber contained one round of ammunition. Officers handcuffed the defendant. Upon searching the defendant's pant pocket, officers recovered a 22 round high capacity magazine, loaded with 18 rounds of ammunition. Later NIBIN revealed that the firearm recovered from the defendant was linked to a May 2020 shooting.[1]

On March 2, 2021, the government filed a complaint charging the defendant with being a felon in possession of a firearm pursuant to 18 U.S.C. §922(g)(1). Federal agents surveilled the defendant's residence in search of the defendant. On March 31, 2021, the defendant drove to and parked his vehicle in front of his residence. Federal agents approached in their vehicles; one in front of the defendant's vehicle and one vehicle behind it. Once agents placed the first vehicle in front of the defendant's vehicle with police siren and lights flashing, the defendant put his vehicle in reverse. The defendant then attempted to reverse his vehicle, causing his vehicle to go onto the curb, until agents pinned and immobilized the vehicle with their second vehicle. Agents directed the defendant to raise his hands, but the defendant did not initially comply. Instead, agents observed the defendant's hands shifting below the sight level of the vehicle's side window. Agents then instructed the defendant to turn off the engine and exit the vehicle. The defendant turned off the engine but did not exit the vehicle. For several minutes agents ordered the defendant over the loudspeaker to exit the vehicle; the defendant did not comply. Agents eventually removed the defendant from the vehicle, immediately seeing a firearm slightly tucked under the driver's seat. Agents recovered a Glock 19X 9mm pistol loaded with 17 rounds of 9mm ammunition: 1 round of ammunition in chamber and 17 rounds of ammunition in the magazine. Agents placed the defendant under arrest.

---

[1] There were no injuries reported in this shooting. There have been no arrests effectuated for the shooting.

## II. CRIMINAL HISTORY

On August 23, 2012, the defendant was convicted for Carrying a Concealed Firearm, pursuant to California Penal Code § 25400 (A)(2).  The defendant was originally sentenced to 270 days in jail; however, the court later revoked the defendant's probation status and resentenced him to three years in prison.

On December 5, 2016, the defendant was convicted for Accessory to a Felony after the Fact, pursuant to California Penal Code § 32.  The defendant was sentenced to three years in prison.

At the time of the August firearm possession, the defendant was on post-release community supervision.

## ARGUMENT

## III. LEGAL STANDARDS

A detention hearing must be held upon motion of the attorney for the government in a felony case that involves the possession or use of a firearm – like this case.  18 U.S.C. § 3142(f)(1)(E). The Bail Reform Act of 1984 permits pretrial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).  Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).  A finding that a defendant is a danger to the community must be supported by clear and convincing evidence.  18 U.S.C. § 3142(f)(2)(B).  A finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Motamedi*, 767 F.2d at 1406.  "[T]he Bail Reform Act mandates an [1] individualized evaluation [2] guided by the factors articulated in § 3142(g)." *See United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019).  Categorical grants or denials of bail, not tethered to an individualized determination, are impermissible. *Id*.  Consideration of factors outside the articulated factors set forth in Section 3142 is also disfavored. *Id*.

The Court must consider four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

<u>SECTION 3142(G) FACTORS WEIGH IN FAVOR OF DETENTION</u>

Detention is appropriate here as there are no lesser restrictive means to ensure the safety of the community or that the defendant will comply with the Court if granted an alternative to detention.

This defendant's criminal record suggests that the defendant is a danger to the community. The defendant has two convictions, one for carrying a concealed firearm. The defendant's other conviction is for accessory after the fact. The facts underlying the defendant's accessory conviction relate to gang affiliation and gun possession. These convictions are serious and exhibit that the defendant is a danger to the community. These convictions show that the defendant has access to firearms and is not dissuaded by the criminal justice system from continuing to possess them.

The defendant now stands charged under 18 U.S.C. § 922(g)(1). The nature of this offense is serious and demonstrates that the defendant engages in behavior that is dangerous to the community. This defendant, as a convicted felon, is not permitted to possess a firearm. When officers recovered the firearm on August 26, 2020, not only was the firearm loaded with one round of ammunition in the chamber, the defendant had a 22 round high capacity magazine loaded with 18 rounds of ammunition. That means this firearm was prepared to discharge and the defendant had amble ammunition for reload. Further, this firearm was linked to a shooting that occurred three months prior. It is worth noting that the defendant was driving 92 mph without a valid driver's license, endangering those around him. This reflects not only the defendant's disregard for law, but the defendant's disregard for the safety of others around him.

U.S. MOT. FOR PRETRIAL DETENTION
3:21-MJ-70396 MAG

The defendant's access to firearms doesn't end there.  Less than a year after the defendant's August 2020 arrest, the defendant is apprehended in possession of another firearm.  This firearm was also loaded with 17 rounds of ammunition: a round of ammunition in the chamber and 16 rounds in the magazine.  The defendant has access to firearms, has the means to use them, and isn't afraid of possessing them.

The defendant's access to firearms and his willingness to possess them is troubling.  The fact that the defendant was convicted and incarcerated for firearm possession and continues to possess firearms, shows the Court that the defendant is a safety concern.  The fact that the defendant continues to possess firearms even while on post-release community supervision, shows the Court that the defendant is not swayed by Court orders.  These facts show that the defendant is a danger to the community meriting detention.

To ensure safety, detention is the best option as there are no lesser restrictive means considering the defendant is unlikely to comply with the Court's orders.  As demonstrated by the defendant's criminal history, the defendant's repeated firearm possession, and the defendant's disregard for post-release supervision, detention is warranted.  The nature of the offense charged shows that the defendant is a safety risk to the community.  The defendant's character, previous actions, and general disregard for the law, also demonstrate that the defendant is a danger to the community.  Lastly, the defendant's lack of regard for restrictions under post-release supervision demonstrates that the defendant is unlikely to adhere to pre-trial service restrictions or adhere to this Court's restrictions.  Detention in this present matter is the most appropriate way to ensure community safety.

## CONCLUSION

For the foregoing reasons, the Court should grant the government's motion to detain the defendant pending trial.

DATED: April 2, 2021                                              Respectfully submitted,

STEPHANIE HINDS
Acting United States Attorney

*/s/ Alexis James*_____
ALEXIS JAMES
Assistant United States Attorney

U.S. MOT. FOR PRETRIAL DETENTION
3:21-MJ-70396 MAG