STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

ALEXIS JAMES (NYBN 5603865)
Assistant United States Attorney

   1301 Clay Street, Suite 340S
   Oakland, California 94612
   Telephone: (510) 637-3680
   FAX: (510) 637-3724
   Alexis.James@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 21-MJ-70396 MAG |
| Plaintiff, | UNITED STATES' MOTION TO |
| v. | (1) REVOKE RELEASE ORDER AND ORDER DEFENDANT DETAINED |
| CAMERON ODOM, | (2) TEMPORARILY STAY MAGISTRATE JUDGE'S ORDER GRANTING RELEASE |
| Defendant. | Hearing Date: TBD<br>Hearing Time: TBD<br>Court:    Hon. Yvonne Gonzalez Rogers |

# MOTION TO REVOKE RELEASE ORDER AND ORDER DEFENDANT DETAINED

## I. INTRODUCTION

The United States of America, by and through its counsel of record, hereby moves this Court for revocation of Magistrate Judge Robert M. Illman's order granting pretrial release to defendant Cameron Odom. The defendant is charged by criminal complaint with being a Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. § 922(g)(1). The government has demonstrated by clear and convincing evidence that the defendant is a danger to the community, and the defendant should be ordered detained pending trial.

The government seeks detention on this matter, as the defendant is a danger to the community. The defendant was arrested by local law enforcement on August 26, 2020 for possessing a loaded firearm. The National Integrated Ballistic Information Network (NIBIN) revealed that the firearm recovered from the defendant in August was linked to a May 2020 shooting. On March 31, 2021, federal agents arrested the defendant pursuant to federal charges and agents recovered an additional loaded firearm from the defendant's vehicle.

The defendant has two criminal convictions and was on post-release community supervision at the time of his August arrest. On August 23, 2012, the defendant was convicted for Carrying a Concealed Firearm, pursuant to California Penal Code § 25400 (A)(2). On December 5, 2016, the defendant was convicted for Accessory to a Felony after the Fact, pursuant to California Penal Code § 32. The facts underlying the defendant's 2016 conviction relate to firearm possession and street gang activity. Considering the defendant's criminal record and continued access to firearms, the defendant is a danger to the community and thus should be detained pending trial.

## II. FACTUAL AND PROCEDURAL HISTORY

### a. Defendant's Criminal History

The defendant is 27 years old with two convictions associated with firearms. On August 23, 2012, the defendant was convicted for Carrying a Concealed Firearm, pursuant to California Penal Code § 25400 (A)(2). The defendant was originally sentenced to 270 days in jail; however, the court later revoked the defendant's probation status and resentenced him to three years in prison. On December 5, 2016, the defendant was convicted for Accessory to a Felony after the Fact, pursuant to California Penal

Code § 32. The defendant was sentenced to three years in prison. While the defendant was convicted of Accessory to a Felony after the Fact, the underlying charges referenced firearms, robbery, and gang involvement.

At the time of the August firearm possession, the defendant was on post-release community supervision.

### b. Offense and Related Conduct

The defendant is charged for one instance of gun possession on August 26, 2020. However, less than a year later when agents apprehended the defendant on March 31, 2021, the defendant again possessed a loaded firearm.

### i. Charged Incident on August 26, 2020

On August 26, 2020, Castro Valley California Highway Patrol (hereinafter "CHP") officers were parked on the shoulder of highway I-580 in a marked patrol vehicle in Alameda County. At approximately 2:32 am, officers observed a blue BMW SUV speeding past. Upon observing the vehicle, officers activated the vehicle's forward-facing radar device to ascertain the speed of the BMW. Officers observed a digital reading of 92 mph.

Officers stopped the vehicle pursuant to Vehicle Code §22349(a), Speeding over 65 MPH. Officers approached the passenger side of the vehicle, asked the driver about his speed, and requested the driver's license and registration. There were no other passengers in the vehicle. The driver, the defendant, provided his California identification card and stated in sum and substance, that he was rushing home and did not have a license because it is suspended. The defendant reiterated that he was coming from a girl's house and just running late. Officers conducted a DMV records check, which revealed that the defendant's license status was withheld for failure to appear. Officers conducted a search using the Alameda Criminal Records Information Management System, which revealed that the defendant had gang affiliations.

Officers requested that the defendant exit the vehicle. Officers patted the defendant down and immediately felt what the officers believed to be a firearm in the defendant's waistband. Officers recovered a loaded Glock 32 .357 SIG semi-automatic handgun from the defendant's waistband. There was no magazine inserted into the firearm; however, the chamber contained one round of ammunition.

Officers handcuffed the defendant. Upon searching the defendant's pant pocket, officers recovered a 22 round high capacity magazine, loaded with 18 rounds of ammunition. Later NIBIN revealed that the firearm recovered from the defendant was linked to a May 2020 shooting.[1]

### ii. Defendant's March 31, 2021 Arrest

On March 2, 2021, the government filed a complaint charging the defendant with being a Felon in Possession of a Firearm pursuant to 18 U.S.C. §922(g)(1). Federal agents surveilled the defendant's residence in search of the defendant. On March 31, 2021, the defendant drove to and parked his vehicle in front of his residence. Federal agents approached in their vehicles; one in front of the defendant's vehicle and one vehicle behind it. Once agents placed the first vehicle in front of the defendant's vehicle with police siren and lights flashing, the defendant put his vehicle in reverse. The defendant then started reversing his vehicle, causing his vehicle to go onto the curb, until agents pinned and immobilized the vehicle with their second vehicle. Agents directed the defendant to raise his hands, but the defendant did not initially comply. Instead, agents observed the defendant's hands shifting below the sight level of the vehicle's side window. Agents then instructed the defendant to turn off the engine and exit the vehicle. The defendant turned off the engine but did not exit the vehicle. For several minutes agents ordered the defendant over the loudspeaker to exit the vehicle; the defendant did not comply. Agents eventually removed the defendant from the vehicle, immediately seeing a firearm slightly tucked under the driver's seat. Agents recovered a Glock 19X 9mm pistol loaded with 17 rounds of 9mm ammunition: 1 round of ammunition in chamber and 16 rounds of ammunition in the magazine. Agents placed the defendant under arrest.

### c. Detention Hearing

On April 5, 2021, Magistrate Judge Illman heard oral argument on the government's motion for pre-trial detention. The government argued that detention was warranted as the defendant is a danger to the community based on the defendant's criminal record, continued access to guns, and the defendant's disregard of the law and post-release supervision. Magistrate Judge Robert M. Illman ordered the defendant released on a $25,000 unsecured bond, signed by a surety, and requiring the surety also to be

---

[1] There were no injuries reported in this shooting. There have been no arrests effectuated for the shooting.

UNITED STATES' MOTION TO REVOKE RELEASE ORDER AND ORDER DEFENDANT DETAINED
21-MJ-70396                                           3

a custodian.

### III. Defendant is a Danger to the Community and Should be Detained

#### a. Standard of review

"[A] district court's review of a magistrate's detention order is to be conducted without deference to the magistrate's factual findings." *United States v. Koenig*, 912 F.2 1190, 1192 (9th Cir. 1990). Thus, this Court must make its own independent determination regarding defendant's detention status.

#### b. Relevant Law

The Bail Reform Act of 1984 permits pretrial detention of a defendant without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Detention is appropriate where a defendant is either a danger to the community or a flight risk; it is not necessary to prove both. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that a defendant is a danger to the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(B). A finding that a defendant is a flight risk need only be supported by a preponderance of the evidence. *Motamedi*, 767 F.2d at 1406. "[T]he Bail Reform Act mandates an [1] individualized evaluation [2] guided by the factors articulated in § 3142(g)." *See United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Categorical grants or denials of bail, not tethered to an individualized determination, are impermissible. *Id*. Consideration of factors outside the articulated factors set forth in Section 3142 is also disfavored. *Id*.

The Court must consider four factors in determining whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (4) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

### c. Danger to the Community

This defendant's criminal record, continued access to firearms, and disregard for the law. The defendant has two convictions, one for carrying a concealed firearm. The defendant's other conviction is for accessory after the fact. The facts underlying the defendant's accessory conviction relate to gang affiliation, robbery, and gun possession. These convictions are serious and exhibit that the defendant is a danger to the community. Further, the 2016 conviction alone shows that the defendant has access to firearms, affiliates with gang members, and is not dissuaded by the criminal justice system from continuing to possess firearms.

The defendant now stands charged under 18 U.S.C. § 922(g)(1). The nature of this offense is serious and demonstrates that the defendant engages in behavior that is dangerous to the community. This defendant, as a convicted felon, is not permitted to possess a firearm. When officers recovered the firearm on August 26, 2020, not only was the firearm loaded with one round of ammunition in the chamber, the defendant had a 22 round high capacity magazine loaded with 18 rounds of ammunition. That means this firearm was prepared to discharge and the defendant had amble ammunition for reload. Further, this firearm was linked to a shooting that occurred just three months prior. It is worth noting that the defendant was also driving 92 mph without a valid driver's license at the time of the August 26, 2020 firearm possession: endangering himself and those around him on the road. This reflects not only the defendant's disregard for law, but the defendant's disregard for the safety of others around him.

The defendant's access to firearms doesn't end there. Less than a year after the defendant's August 2020 arrest, the defendant is apprehended in possession of yet another firearm. This firearm was also loaded with 17 rounds of ammunition: a round of ammunition in the chamber and 16 rounds in the magazine. Again, this firearm was loaded and prepared for discharge. The defendant has access to firearms, has the means to use them, and isn't afraid of possessing them. The defendant was not dissuaded from possessing firearms by his 2012 firearm possession conviction, his 2016 firearm-related conviction for Accessory After the Fact, nor his August 2020 firearm arrest.

The defendant's continued access to firearms is particularly concerning given the drastic increase in homicides in the Oakland community. In January alone, Oakland saw a significant increase in violent

crime, specifically 64 shootings and murders.[2] "Oakland has seen a dramatic increase in shootings and homicides already this year. And illegal firearms are prevalent. . . [2020], OPD recovered 45% more firearms than it had in 2019. And, already this year, OPD has recovered 30% more guns than it had recovered last year at this time."[3] Firearms are a serious problem in Oakland, jeopardizing the safety of its residence; the defendant is apart of that problem.

The defendant's access to firearms and his willingness to possess them is troubling. The fact that the defendant was convicted and incarcerated for firearm possession and continues to possess firearms, shows the Court that the defendant is a safety concern and unlikely to follow the Court's conditions.

### d. The Conditions of Release Ordered by the Magistrate Judge are Insufficient to Ensure the Safety of the Community

On April 5, 2021, Magistrate Judge Robert M. Illman ordered the defendant released on a $25,000 unsecured bond, signed by a surety, and requiring the surety also to be a custodian. The defendant currently resides at the residence of his surety/custodian, where he has resided for the last year or so. In that last year, the defendant has been apprehended in possession of two loaded firearms. Both firearms had ammunition in the chamber, fully prepared for discharge. Living with this surety/custodian did not dissuade the defendant from his August 26, 2020 firearm possession and it did not deter him from his March 31, 2021 firearm possession. In fact, agents apprehended the defendant with the loaded firearm in his vehicle outside of his and the surety/custodian's residence.

Further, the defendant was on post-release community supervision at the time of the August 26, 2020 firearm possession. The fact that the defendant continues to possess firearms even while on post-release community supervision, shows the Court that the defendant is not swayed by supervisory regulations akin to pre-trial services.

### IV. CONCLUSION

For these reasons, the government respectfully requests that this Court find that the government

---

[2] https://sanfrancisco.cbslocal.com/2021/02/01/opd-oakland-police-1400-percent-increase-january-homicides-over-last-year/

[3] https://www.berkeleyside.com/2021/04/02/berkeley-crime-uptick-oakland-emeryville-zoom-town-hall

UNITED STATES' MOTION TO REVOKE RELEASE ORDER AND ORDER DEFENDANT DETAINED
21-MJ-70396                            6

has established by clear and convincing evidence that defendant is a danger to the community, and that there are no conditions or combination of conditions that will reasonably assure the safety of the community.

**MOTION TO REVOKE RELEASE ORDER AND ORDER DEFENDANT DETAINED**

On April 5, 2021, Magistrate Judge Illman ordered the defendant released, with conditions, on a $25,000 unsecured bond, signed by a surety and requiring the surety also to be a custodian. Upon request, Magistrate Judge Illman stayed the release order for approximately 24 hours.

The government now moves this Court for revocation of Magistrate Judge Illman's order granting pretrial release to defendant Cameron Odom and the defense will file its opposition no later than Friday, April 9, 2021. Parties are not currently scheduled to appear before this Court. To avoid premature release of defendant before this Court has had the opportunity to review Magistrate Judge Illman's release order, the United States requests that the release order be stayed until parties can be heard on the matter.

DATED: April 5, 2021                                    Respectfully submitted,

                                                        STEPHANIE M. HINDS
                                                        Acting United States Attorney

                                                        /s/_____
                                                        ALEXIS JAMES
                                                        Assistant United States Attorney

1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  ALEXIS JAMES (NYBN 5603865)
   Assistant United States Attorney
5
       1301 Clay Street, Suite 340S
6      Oakland, California 94612
       Telephone: (510) 637-3680
7      FAX: (510) 637-3724
       Alexis.James@usdoj.gov
8
   Attorneys for United States of America
9
                        UNITED STATES DISTRICT COURT
10
                       NORTHERN DISTRICT OF CALIFORNIA
11
                              OAKLAND DIVISION
12

13 UNITED STATES OF AMERICA,        )  CASE NO. 21-MJ-70396 MAG
                                    )
14         Plaintiff,                )
                                    )
15     v.                            )
                                    )  [PROPOSED] ORDER STAYING ORDER
16 CAMERON ODOM,                    )  GRANTING RELEASE OF DEFEDANT
                                    )
17         Defendant.                )
                                    )
18                                   )
                                    )
19 _____ )

20
           For good cause shown, the United States' application for a stay of Magistrate Judge Robert M.
21
   Illman's order granting release to defendant Cameron Odom in the above-captioned case is
22
   GRANTED.  The release order is STAYED until a hearing is set, when the parties will appear before
23
   this Court.  It is further ORDERED that defendant is to remain in the custody of the United States
24
   Marshals Service until further order of this Court.
25

26 DATED: April 6, 2021

27                                            _____
                                              HONORABLE YVONNE GONZALEZ ROGERS
28                                            United States District Judge

   UNITED STATES' MOTION TO REVOKE RELEASE ORDER AND ORDER DEFENDANT DETAINED
   21-MJ-70396                              8