GEOFFREY HANSEN
Acting Federal Public Defender
Northern District of California
JOYCE LEAVITT
Assistant Federal Public Defender
13th Floor Federal Building - Suite 1350N
1301 Clay Street
Oakland, CA 94612
Telephone:  (510) 637-3500
Facsimile:   (510) 637-3507
Email:         Joyce_Leavitt@fd.org

Counsel for Defendant Odom

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | Case No.: CR 21–0259 JST |
|---|---|
| Plaintiff, | **MOTION, NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS** |
| v. | |
| CAMERON ODOM, | **Court:** Courtroom 6, 4th Floor |
| Defendant. | **Hearing Date:** December 17, 2021 |
| | **Hearing Time:** 2:00 p.m. |

## INTRODUCTION

California Highway Patrol ["CHP"] officers stopped the car Mr. Odom was driving, prolonged the stop to conduct a criminal-records check and searched Mr. Odom. They did not have a warrant to seize Mr. Odom or to search him. Their seizure and search thus were presumptively unconstitutional. Unless the government carries its burden of establishing exceptions to Fourth Amendment's warrant requirement for the warrantless seizure and search, all fruits of the unconstitutional police conduct must be suppressed.

## FACTUAL BACKGROUND

According to the criminal complaint in this case, CHP officers conducted a traffic stop of the car Mr. Odom was driving because it was speeding. Criminal Complaint, Dkt. 1 ["Complaint"], ¶ 9. The officers asked for Mr. Odom's driver's license, vehicle registration and insurance. *Id.* ¶ 10. He told them he did not have a valid license and gave the officers his California identification card. *Id.*

The officers conducted a DMV records check and confirmed that Mr. Odom did not have a valid license. *Id.* ¶ 11. They then "conducted a search using Alameda County Consolidated Records Information Management System" ["CRIMS"]. *Id.* ¶ 12. From this CRIMS search, they learned that he had a prior gun conviction and a gang affiliation. *Id.*

When Mr. Odom complied with the officers' request to get out of the car, they pat-searched him. *Id.* ¶ 13. During this search they discovered the gun and ammunition with which he is charged in this case. *Id.* ¶¶ 13, 21.

## ARGUMENT

"Because warrantless searches and seizures are *per se* unreasonable, the government bears the burden of showing that a warrantless search or seizure falls within an exception to the Fourth Amendment's warrant requirement." *United States v. Cervantes*, 703 F.3d 1135, 1141 (9th Cir. 2012). If the government does not carry its burden, "[t]he typical remedy for a Fourth Amendment violation is the exclusion of evidence discovered as a result of that violation from criminal proceedings against the defendant." *United States v. Garcia*, 974 F.3d at 1075 (9th Cir. 2020). "This rule -- the exclusionary rule -- encompasses evidence directly seized during an unlawful search as well as evidence derivative of a Fourth Amendment violation -- the so-called fruit of the poisonous

MOTION TO SUPPRESS
*ODOM*, CR 21–0259 JST

tree." *Id*. (brackets and internal quotation marks omitted).

**I.     The officers prolonged the seizure of Mr. Odom in violation of the Fourth Amendment**

In *Rodriguez v. United States*, the Supreme Court held "that a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures." 575 U.S. 348, 350 (2015). More specifically, and as applicable to this case, *Rodriguez* held that police "may not extend a traffic stop with tasks unrelated to the traffic mission, absent reasonable suspicion." *United States v. Landeros*, 913 F.3d 862, 866 (9th Cir. 2019).

It does not matter, after *Rodriguez*, whether the prolongation occurs before or after the police completed the traffic-violation processing. *Id.* It also does not matter, after *Rodriguez*, if the prolongation was brief or reasonable. *Id.* "Instead, *Rodriguez* requires that a traffic stop may be extended to conduct an investigation into matters other than the original traffic violation only if the officers have reasonable suspicion of an independent offense." *Id.* at 867.

Tasks related to the traffic stop may "involve checking the driver's license, determining whether there are outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance." *Rodriguez*, 575 U.S. at 355. Tasks "aimed a detective evidence of ordinary criminal wrongdoing," by contrast, are "not fairly characterized as part of the officer's traffic mission." *Id.* at 355-56 (internal quotation marks omitted). An "ex-felon registration check," which "inquire[s] as to [the driver's] criminal history," is the type of non-traffic-related task that requires "independent reasonable suspicion." *United States v. Evans*, 786 F.3d 779, 786-87 (9th Cir. 2015).

Here, after stopping Mr. Odom for speeding, the CHP officers asked him for license, registration and insurance and ran a DMV records check. These tasks were part of their traffic-stop mission. They then, however, "conducted a search using Alameda County Consolidated Records Information Management System." Complaint ¶ 12. That check was not part of the traffic-stop mission but instead "was a measure aimed at detecting evidence of ordinary criminal wrongdoing." *Evans*, 786 F.3d at 786 (brackets and internal quotation marks omitted). Because this CRIMS check added time to the traffic stop and was not justified by independent reasonable suspicion, the prolonged warrantless seizure of Mr. Odom violated the Fourth Amendment.

**II.    The officers pat-searched Mr. Odom in violation of the Fourth Amendment**

"To justify a patdown of the driver . . . during a traffic stop, . . . the police must harbor reasonable suspicion that the person subjected to the frisk is armed and dangerous." *Arizona v. Johnson*, 555 U.S. 323, 326-27 (2009).  The CHP officers here pat-searched Mr. Odom during a traffic stop for speeding.  The government cannot establish that the officers had the necessary reasonable suspicion that he was armed and dangerous to justify the warrantless pat-search.  The warrantless search violated the Fourth Amendment.

## CONCLUSION

CHP officers (1) prolonged the seizure of Mr. Odom and (2) searched his person without a warrant or other lawful justification.  The government bears the burden of establishing that the warrantless seizure and search did not violate the Fourth Amendment.  Because it cannot carry its burden, all fruits of the officers' constitutional violations must be suppressed.

Dated:      October 22, 2021                         Respectfully submitted,

                                                    GEOFFREY HANSEN
                                                    Acting Federal Public Defender
                                                    Northern District of California

                                                            /S
                                                    JOYCE LEAVITT
                                                    Assistant Federal Public Defender