1  STEPHANIE M. HINDS (CABN 154284)
   Acting United States Attorney
2
   HALLIE HOFFMAN (CABN 210020)
3  Chief, Criminal Division

4  ALEXIS JAMES (NYBN 5603865)
   Assistant United States Attorney
5
        1301 Clay Street, Suite 340S
6       Oakland, California 94612
        Telephone: (510) 637-3680
7       FAX: (510) 637-3724
        Alexis.James@usdoj.gov
8
   Attorneys for United States of America
9

10                         UNITED STATES DISTRICT COURT

11                       NORTHERN DISTRICT OF CALIFORNIA

12                               OAKLAND DIVISION

13 UNITED STATES OF AMERICA,           ) CASE NO. CR 21-00259 JST
                                        )
14       Plaintiff,                     ) DECLARATION OF CHP XAVIER GUAJARDO
                                        ) IN SUPPORT OF GOVERNMENT'S OPPOSITION
15    v.                                ) TO DEFENDANT'S MOTION TO SUPPRESS
                                        )
16 CAMERON ANTHONY ODOM,                )
                                        )
17       Defendant.                     )
                                        )
18

19       I, Xavier Guajardo, declare and state as follows:

20       1.      I am currently employed as an officer with the California Highway Patrol, Castro Valley

21 (CHP). I have been employed with the CHP since May of 2016. I am assigned to Castro Valley. I

22 received 28 weeks of training at the police academy in Sacramento, CA. The training curriculum

23 covered all aspects of policing including traffic stops and other investigative processes. This training

24 included instruction in the investigation of criminal violations, including, but not limited to firearms

25 offenses. As a CHP officer, I patrol the highways and I am tasked with enforcing both criminal and

26 traffic offenses.

27       2.      During the course of my employment as an officer, I have participated in several arrests

28 and traffic stops involving firearms recovery. I have also participated in arrests of individuals involved

Decl. of Officer Xavier Guajardo ISO Opp. to MTS
CR 21-00259 JST                                    1

in or affiliated with gang activity.

3. On the morning of August 26, 2020 at approximately 2:23am, CHP Officer Fou. Lee and I were on routine traffic patrol of the Castro Valley CHP area in a marked patrol vehicle. Officer Lee drove while I sat in the front passenger seat. While parked on the shoulder of I-580 highway eastbound, Grand Avenue on-ramp, I observed a BMW SUV pass at what appeared to be a high rate of speed. I activated the forward-facing radar device and received a digital reading of 92 mph. Officer Lee and I then initiated a vehicle enforcement stop for Vehicle Code 22349(a) which requires that no person drive at a speed greater than 65 miles per hour upon a highway.

4. In initiating the vehicle enforcement stop, we turned on the lights of the patrol vehicle and Officer Lee positioned the vehicle behind the BMW SUV. I observed the BMW SUV immediately slow down and yield to the 164th Avenue exit of the highway. The vehicle made a right turn onto Liberty Avenue, south of 163rd Avenue and yielded to the right-hand shoulder. Once stopped, I exited the patrol vehicle and approached the passenger side of the BMW SUV. Officer Lee approached the driver's side.

5. I observed the open passenger side window of the BMW SUV, advised the driver of the reason for the stop, and requested the driver's license, insurance, and registration. The driver relayed that he did not have a driver's license, insurance, or registration to the vehicle. The driver provided me with a California Identification card which identified him as Cameron Anthony Odom. Odom was the sole occupant of the vehicle. Odom provided no other paperwork. While speaking with me, Odom appeared nervous. He was shifting and moving around in the vehicle. He informed me that the vehicle belonged to his sister who lived up the street from where the vehicle was currently stopped. As a safety precaution, I also asked Odom if he was on probation or parole, to which he responded that he was not.

6. I requested dispatch run a DMV records check of the vehicle and Odom while I did an Alameda Criminal Records Information Management System (CRIMS) records check from the patrol vehicle. The DMV records check revealed that Odom's license status was withheld for failure to appear. Driving without a License is a violation of California Vehicle Code Section 12500(a) and is a misdemeanor punishable by up to 6 months in jail and a fine of up to $1,000. Under California Vehicle Code Section 22651(p), an officer may remove may tow a vehicle when I issue a ticket for driving

1 without a license.

2     7.    The vehicle was registered to an address on 79th street in Oakland; inconsistent with the responses Odom provided.  The CRIMS records check revealed that Odom had affiliations with criminal gang activity and that Odom had firearms-related criminal history.

    8.    CRIMS is a records system that houses, to include but not limited to, criminal court records, inmate booking information, wants/warrants, probation/parole status, and information regarding contacts with law enforcement for Alameda County.  I check CRIMS to ascertain whether a subject has outstanding warrants, probation/parole status, and other related information.

    9.    Based on my training and experience as an officer, criminal gang activity includes weapons possession and other dangerous activity.  Also, in my experience, traffic stops are more dangerous at night.

    10.    While I conducted the CRIMS records check, Officer Lee stood by observing Odom.

    11.    After conducting the records checks, I returned to the stopped vehicle.  Because Odom did not have a valid license, I planned to have the vehicle towed after the completion of the stop.  I asked Odom to step out of the vehicle in order to do a pat-down search for officer safety.  Considering among other things, Odom's nervousness, the inconsistent information he provided, and his criminal history, I believed that Odom may have been armed and dangerous.  I conducted a pat-down search and immediately felt what I knew to be a firearm near Odom's waistband.  I felt the handle/grip of a firearm.  I removed the firearm and placed Odom in handcuffs.  Once in handcuffs, I searched Odom and recovered an extended magazine from his person that holds 22 rounds of ammunition.  The magazine contained 19 rounds of ammunition.  The firearm did not contain a magazine but had one round of ammunition in the chamber.  I placed Odom under arrest.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed this 5th day of November in 2021.

                      /s/ Xavier Guajardo #21471
                      Xavier Guajardo, #21471
                      Officer, California Highway Patrol