STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

KAITLIN PAULSON (CABN 316804)
Assistant United States Attorney

    450 Golden Gate Ave.
    San Francisco, California 94102
    Telephone: (415) 436-6824
    Cell: (415) 412-0168
    kaitlin.paulson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 21-CR-00259-JST-1 |
| Plaintiff, | UNITED STATES' MOTION FOR LEAVE TO FILE MOTION TO RECONSIDER; [PROPOSED] ORDER |
| v. | |
| CAMERON ANTHONY ODOM, | |
| Defendant. | |

The United States moves for leave to file a motion for reconsideration of this Court's March 2, 2022, order granting defendant Cameron Anthony Odom's motion to suppress evidence. Dkt. 49 (Suppression Order).

### A.    Applicable legal standards

Northern District Criminal Rules 2-1, 47-1 and 47-2, together with Civil Rule of Court 7-9, authorize a motion for leave to file a motion for reconsideration in specified circumstances. The Court's rules require a party to first seek leave of Court. Civil L.R. 7-9(a). The party seeking reconsideration must also show reasonable diligence in seeking the relief. Civil L.R. 7-9(b). One of the grounds for relief is "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9(b)(3). In addition, the Ninth Circuit has held that district courts have "inherent power" to grant motions for reconsideration in criminal cases. *United States v. Lopez-Cruz*, 730 F.3d 803, 811 (9th Cir. 2013); *see United States v. Ibarra*, 502 U.S. 1, 4 (1991) (per curiam) (citing *United States v. Dieter*, 429 U.S. 6, 8–9 (1974) (per curiam); *United States v. Healy*, 376 U.S. 75, 77–78 (1964)).

### B.    The government has been reasonably diligent

The government has been reasonably diligent in seeking leave to file a motion for reconsideration. "A motion for reconsideration is timely presented if filed within the original period for review," *United States v. Villapudua-Perada*, 896 F.2d 1154, 1156 (9th Cir. 1990) (citation omitted), which is thirty days, 18 U.S.C. § 3731. Fed. R. App. P. 4(b). This motion is being filed within the thirty days the government has to file its Notice of Appeal.

### C.    This Court should exercise its discretion to reconsider its Suppression Order

This Court should exercise its discretion to reconsider its Suppression Order because it is premised on both legal and factual error.

First, the court excluded evidence in the case on an issue—the constitutionality of a tow—that the defendant Cameron Anthony Odom waived by failing to raise in his motion to suppress and only raised for the first time in his reply brief. The government was deprived wholesale of the opportunity to brief, introduce evidence, or argue the issue. The government therefore asks the Court to either grant

reconsideration of its Suppression Order to rule the untimely issue waived or allow the government to brief the issue in the first instance. With the benefit of briefing, the Court will see that the community caretaking exception applies to the vehicle tow.

Second, the Court's mode of reasonable suspicion analysis parallels the impermissible divide-and-conquer approach as opposed to the requisite assessment of the totality of the circumstances. Specifically, the Court weighed the factors of its analysis independently instead of together. *See, e.g.*, Dkt. 49 at 11 ("Thus, the Court considers this [time-of-day] factor, but finds it insufficient by itself to support a finding of individualized reasonable suspicion."); 14 (excluding from its totality analysis the inconsistent information about the BMW's ownership provided by Odom); 16 (concluding the nervousness factor provides "minimal, if any, support to the reasonable suspicion analysis"); 16 (determining that Odom's prior firearm offenses or gang affiliations should not be considered in assessing reasonable suspicion); 17 (explaining that "time of day does not provide individualized suspicion"). The Supreme Court expressly precludes this approach. *United States v. Arvizu*, 534 U.S. 266, 274 (2002). The government asks the Court to reconsider its Suppression Order to analyze reasonable suspicion of the search using the totality of the circumstances analysis.

Third, the Court then concluded that past convictions and gang affiliations do not support the inference that anyone is currently armed and dangerous, and excluded these factors from its totality analysis. Dkt. 49 at 16 ("The fact that Odom may have been charged or convicted of prior firearm offenses or gang affiliations does not support a reasonable officer's inference that Odom is currently armed and dangerous. To hold otherwise would permit officers to expand a stop into a separate criminal investigation . . . ."). As a matter of law, this is incorrect. Criminal history and gang affiliations do constitute "relevant and highly probative" factors that officers may consider in assessing whether there is reasonable suspicion that someone is currently armed and dangerous. *United States v. Perez*, 603 F. App'x 620, 622 (9th Cir. 2015). The government asks the Court to reconsider its Suppression Order to include these factors in its totality of the circumstances analysis.

Fourth, certain factors in the Court's totality of circumstances analysis are omitted or discounted, in contravention to law and the record, such as time of day, nervousness, inconsistent statements. On this

GOV'T MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
NO. 21-CR-00259 JST                                          2

ground too, the government asks the Court to reconsider its Suppression Order to reassess its weighing of these factors.

For the foregoing reasons, the United States respectfully requests the Court should grant this motion.

DATED:  APRIL 1, 2022                         Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

*/s/ Kaitlin Paulson*
KAITLIN PAULSON
Assistant United States Attorney

### [PROPOSED] ORDER

The Court GRANTS this motion for leave to file the motion for reconsideration.

DATED:

_____
HON. JON S. TIGAR
United States District Judge

GOV'T MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
NO. 21-CR-00259 JST                         3