JODI LINKER
Federal Public Defender
Northern District of California
JOYCE LEAVITT
Assistant Federal Public Defender
13th Floor Federal Building - Suite 1350N
1301 Clay Street
Oakland, CA 94612
Telephone:   (510) 637-3500
Facsimile:    (510) 637-3507
Email:          Joyce_Leavitt@fd.org

Counsel for Defendant Odom

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CAMERON ODOM,<br><br>Defendant. | Case No.: CR 21–00259 JST-1<br><br>**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR LEAVE TO FILE MOTION TO RECONSIDER** |

The Court should deny the government leave to file a motion to reconsider its suppression order.

The Court's order granting suppression in this case was filed March 2, 2022. The government waited until April 1, 2022 -- 30 days later -- to seek leave to file a motion for reconsideration. This was the very last day of the time for the government to file its notice to appeal the suppression decision. Fed. R. App. P. 4(b)(1)(B)(i). After representing to the Court that it was "assessing next steps regarding the Court's recent decision on the motion to suppress; including preparation for appeal," Dkt. 54 at 1, the government apparently has instead decided to forego an appeal and instead,

belatedly, seek reconsideration of the Court's order. The Court should deny the government leave to seek reconsideration because it has not "specifically show[n] reasonable diligence in bringing the motion." N.D. Cal. Civil L.R. 7-9(b).

The Court's local rule on motions for reconsideration also requires the moving party to "specifically show . . . one of the following:" (1) there is a "material difference in fact or law" between what was presented to the Court before its ruling and what exists now *and* the party seeking reconsideration "did not know such fact or law" before the order; (2) there are new materials facts or a change of law since the order issued; or (3) there was a "manifest failure" by the Court to consider material facts or dispositive legal arguments that were presented to it. N.D. Cal. Civil L.R. 7-9(b).

The government failed to establish that any of these circumstances apply in this case. Rather, it merely claims that the Court was wrong. United States' Motion for Leave to File Motion to Reconsider ["Leave to Reconsider"] at 1. The government cannot seek reconsideration based on its own failure to carry its burden of establishing that the warrantless searches and seizures by the officers in this case did not violate the Fourth Amendment.

First, the government is wrong that "the court excluded evidence" on the tow issue and that Mr. Odom waived that issue. *Id.* The tow occurred after the police found the gun that Mr. Odom is charged in this case with possessing, which they discovered during a pat-search. Dkt. 49 at 2. Mr. Odom challenged the pat-search in his motion, as well as the prolongation of the traffic stop. Dkt. 34 at 1-3. The government put the legality of the tow into issue by claiming that the traffic stop was not prolonged because the officer planned to have the vehicle towed and the pat-search was necessary because Mr. Odom had to be removed from the car for the tow. Dkt. 39 at 7, 8; *see also* Dkt. 49 at 8 (noting government's argument that officer asked Mr. Odom to exit car "to effectuate a lawful tow of the vehicle"); *id.* at 9 ("The decision to frisk Odom directly flowed from the decision to removed Odom from the car in order to effectuate the tow.").

In other words, Mr. Odom had no reason to challenge the tow in his motion; it became legally relevant only when the government sought to rely on it to justify the prolongation of the traffic stop and the pat-search. Once the government chose to rely on the tow, it bore the burden of establishing that the tow was lawful. Dkt. 49 at 8. The declaration from Officer Guajardo that it submitted in

support of its opposition, Dkt. 39-1 ¶¶ 6, 11, failed to establish a factual, community-caretaking, basis for the tow.  (The government attempts to do so now with an additional declaration from Officer Guajardo, without any explanation why it could not have included these facts in his original declaration.)  The government also failed to establish the legal basis for the tow, specifically, that it was conducted in accordance with standardized police procedures.  *United States v. Torres*, 828 F.3d 1113, 1118 (9th Cir. 2016).  (Neither Officer Guajardo's new declaration nor the government's new brief cites any standardized police department tow procedures.)  The government utterly failed to carry its burden, the Court correctly so held, and allowing the government now to make up for the deficiencies in its argument is not a proper basis for allowing reconsideration of the Court's order.

The government also complains of the Court's determination that it did not carry its burden of establishing that the police had reasonable suspicion that Mr. Odom was armed and presently dangerous, as required to justify a pat-search.  Dkt. 49 at 10.  But it already made in its opposition the arguments it seeks to make again via reconsideration.  *See* Dkt. 39 at 8-10 (arguing reasonable suspicion).  The government has not identified any new facts or law that the Court failed to consider in its suppression order.  On this basis alone the Court should deny the government's motion for reconsideration.  *See* N.D. Cal. Civil L.R. 7-9(c) (prohibiting party moving for leave to move for reconsideration from "repeat[ing] any oral or written argument made by the applying part in . . . opposition to the interlocutory order which the party now seeks to have reconsidered," under penalty of "appropriate sanctions").

The Court's order acknowledged the correct legal standard, the facts the government presented and "how other courts have treated these factors before conducting a 'totality of the circumstances' analysis."  Dkt. 49 at 10.  It devoted several pages of its order to the "Totality of the Circumstances" analysis.  *Id.* at 15-18.  The Court explicitly and at some length conducted the "requisite assessment of the totality of the circumstances," Leave to Reconsider at 2, for which the government now seeks reconsideration.  The government has not established valid grounds for seeking reconsideration on this basis.

## CONCLUSION

The Court should deny the government leave to seek reconsideration.

| | | |
|---|---|---|
| Dated: | April 1, 2022 | Respectfully submitted, |
| | | JODI LINKER<br>Federal Public Defender<br>Northern District of California |
| | | /S |
| | | JOYCE LEAVITT<br>Assistant Federal Public Defender |