UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CAMERON ANTHONY ODOM,<br><br>Defendant. | Case No. 21-cr-00259-JST-1<br><br>**ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: ECF No. 56 |

Before the Court is the Government's motion for leave to file a motion for reconsideration of the Court's order granting Defendant Cameron Anthony Odom's motion to suppress evidence. ECF No. 56. Odom opposes the motion. ECF No. 57. The Court will deny the motion.

I.  **LEGAL STANDARD**

Pursuant to Local Rule 7-9, a party moving for leave to file a motion for reconsideration must show:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b). "[A] motion for reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Circle Click Media*

*LLC v. Regus Mgmt. Grp. LLC*, No. 12-CV-04000-EMC, 2015 WL 8477293, at *2 (N.D. Cal. Dec. 10, 2015) (quoting *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Thus, 'a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Id.* (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## II.    DISCUSSION

In this case, the Government argues that the Court made four errors that demonstrate "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9(b)(3); ECF No. 56 at 2. First, the Government argues that the constitutionality of the tow was waived because Odom raised it for the first time in his reply. ECF No. 56 at 2-3. Even if the argument was not waived, the Government argues that reconsideration should still be granted because it was not given an opportunity to brief the issue. *Id.* Odom responds that the constitutionality of the tow was raised by the Government in its opposition to the motion to suppress. ECF No. 57 at 2-3.

Odom is correct. Because the Government chose to rely on the tow to justify prolonging the traffic stop and pat search, it was the Government's burden also to demonstrate that the tow was lawful. *See* ECF No. 39 at 12; *United States v. Cervantes*, 703 F.3d 1135, 1140-41 (9th Cir. 2012) (finding that the government "failed to meet its burden to show that the community caretaking exception applies" because it "presented no evidence that the vehicle would be vulnerable would be vulnerable to vandalism or theft . . . or that it posed a safety hazard"). Because it failed to meet this burden, the Court properly found the tow unconstitutional.

Second, the Government maintains that the Court conducted an improper reasonable suspicion analysis when it "weighed the factors of its analysis independently instead of together" as required by the totality of the circumstances test. ECF No. 56 at 2. But the Court *did* weigh the factors together *after* determining which factors applied and analyzing how courts had treated these factors in the past. ECF No. 49 at 9-18. This approach is consistent with how the Ninth Circuit and courts in this district have applied the totality of the circumstances test in similar

circumstances. *See, e.g.*, *Thomas v. Dillard*, 818 F.3d 864, 878-886 (9th Cir. 2016) (analyzing factors individually before considering them together); *United States v. Cole*, 445 F. Supp. 3d 484, 489-90 (N.D. Cal. 2020) (same).

Third, the Government argues that the Court incorrectly concluded that "past convictions and gang affiliations do not support the inference that anyone is currently armed and dangerous, and excluded these factors from its totality analysis." ECF No. 56 at 3. This argument mischaracterizes the Court's order: the Court did not exclude these factors from its totality of the circumstances analysis and the Court did not state that these factors could never support reasonable suspicion. Instead, the Court considered these factors, ECF No. 49 at 15-16, and found that they were insufficient to support reasonable suspicion as to Odom. *Id.* As the Court stated, "It is not enough to simply tell the Court that a stop happened at night, that a suspect appeared nervous, and that he had a criminal history," because these factors do not "sufficiently establish that he is *currently* armed and dangerous." *Id.* at 17. This is especially true in this case, where Odom cooperated with the officers, made no sudden movements, and was left alone in his car for several minutes. *See Cole*, 445 F. Supp. 3d at 489 (finding no reasonable suspicion where the officer stopped the suspect in a "high crime area" and knew of a suspect's criminal history, which included concealed firearms in a vehicle, prior arrests for firearm possession, and gang affiliations).

Fourth, the Government takes issue with how the Court weighed certain factors "such as time of day, nervousness, [and] inconsistent statements." ECF No. 56 at 3-4. Disagreeing with how the Court weighs factors does not rise to the level of a "manifest failure by the Court to consider material facts or dispositive legal arguments." Civil L.R. 7-9(b)(3).

"A party seeking reconsideration must show more than a disagreement with the Court's decision." *Verinata Health, Inc. v. Sequenom, Inc.*, No. 12-CV-00865-SI, 2015 WL 2120540, at *1 (N.D. Cal. May 5, 2015) (quoting *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001)). The Government has failed to meet this burden. Because the Government has failed to show a "manifest failure by the Court to consider material facts or dispositive legal arguments," Civil L.R. 7-9(b)(3), the Court will deny the motion for leave to file

3

1  a motion for reconsideration.

2  **CONCLUSION**

3  For the reasons set forth above, The Government's motion for leave to file a motion for

4  reconsideration is denied.

5  **IT IS SO ORDERED.**

6  Dated:  June 14, 2022



_____
JON S. TIGAR
United States District Judge